UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MONTIE SPIVEY** | **CIVIL ACTION NO:** |
| **VERSUS** | **JUDGE:** |
| **CHITIMACHA TRIBE OF LOUISIANA, CYPRESS BAYOU CASINO, APRIL WYATT, JACOB DARDEN, TOBY DARDEN and JACQUELINE JUNCA** | **MAG JUDGE:** |

COMPLAINT

**NOW INTO COURT,** through undersigned counsel comes, Montie Spivey, a person of the full age of majority and domiciliary of St. Mary Parish Louisiana who alleges as follows:

### I. DEFENDANTS

1. Made defendants herein are:

   a) **THE CHITIMACHA TRIBE OF LOUISIANA**, a domestic independent Indian nation, physically located in the Parish of St. Mary, State of Louisiana

   b) **CYPRESS BAYOU CASINO**, a gambling casino owned by The Chitimacha Tribe of Louisiana, located in Parish of St. Mary, State of Louisiana

   c) **APRIL WYATT**, individually and her capacity as the Chitimacha Tribe of Louisiana Council Vice Chairman, a person of the full age of majority and resident of Louisiana

   d) **JACOB DARDEN**, individually, in his capacity as a former council member at the time of the alleged wrongdoing, and a person of the full age of majority and resident of the State of Louisiana.

a) **TOBY DARDEN**, individually, in his capacity as a former council member at the time of the alleged wrongdoing, and a person of the full age of majority and resident of the State of Louisiana.

e) **JACQUELINE JUNCA**, individually, in her capacity as a former council member at the time of the alleged wrongdoing, and a person of the full age of majority and resident of the State of Louisiana.

## I. JURISDICTION

2. This action arises under Title 42 U.S.C §1983 and §1985 as Plaintiff, Montie Spivey's civil rights were violated by the defendants. This court has jurisdiction over the action under Title 28 U.S.C. § 1331 and Title 28 U.S.C. §1376. Venue is proper in this Judicial District pursuant to Title 28 U.S.C. § 1391

## II. FACTS

3. The facts surrounding this action date back to 2015. Plaintiff Montie Spivey was serving in his capacity as the Chief Financial Officer "CFO" of the Cypress Bayou Casino, a gambling casino in St. Mary Parish Louisiana. The Cypress Bayou Casino is owned by the Chitimacha Tribe of Louisiana.

4. In November of 2015, O'Neil Darden was elected as the Tribal Council Chairman to Chitimacha Tribe of Louisiana. Prior to his election, Darden worked as an employee of the Cypress Bayou Casino as the Event/Catering Director.

5. At the time of the alleged wrongdoing the Tribal Council for The Chitimacha Tribe of Louisiana consisted of 5 individuals: O'Neil Darden (Chairman), April Wyatt (Vice-

Chairman), Jacob Darden (Council Member), Toby Darden (Council Member), Jacqueline Junca (Secretary/Treasurer)

6. The Tribal Council is the governing body over all of the enterprises of The Chitimacha Tribe of Louisiana, including Cypress Bayou Casino. The directors and officers of Cypress Bayou Casino answer to the Tribal Council.

7. Cypress Bayou Casino has incentive plans in places for its employees that provide for the distribution of bonuses to be paid out when the Casino attains a targeted revenue. In 2015 the targeted revenue for the casino was attained and an incentive/bonus plan was in order for its employees.

8. The incentive plan in 2015 consisted of approximately 600 bonus payouts to the Cypress Bayou Casino Employees. Anthony Patrone, who at the time was the CEO of Cypress Bayou Casino was in charge of formulating the incentive plan and determining the number of bonuses that would be paid out. The amounts were determined by the position held the by employee. Employees other than the directors and managers were allocated a fixed amount based upon their position. The directors and managers would receive a percentage based upon their annual salary.

9. The allocation and amounts of the bonuses had to be approved by the Tribal Council before distribution.

10. The Chitimacha Trial Laws prohibit a council member from working in the Casino or receiving any funds in the form of payments from the casino.

11. Prior to his election as Chairman O'Neil Darden held a director position with the Cypress Bayou Casino. Darden worked for several months in 2015 prior to his election and he

earned nearly nine months' worth of salary. The election of Darden as Tribal Chairman was the first time that a Cypress Bayou Casino Employee had been elected as Chairman.

12. In November of 2019 a meeting was held with the Tribal Council. Anthony Patrone attended to discuss the incentive/bonus plan. A topic of discussion was whether or not O'Neil Darden should receive a bonus. The rationale for the giving Darden the bonus was based solely upon his employment as a director with Cypress Bayou Casino. It was determined that if Darden received a bonus, it would be a prorated amount based upon the amount of time, he worked at the casino prior to becoming Tribal Council Chairman. The amount was determined to be approximately $3900. At the initial meeting there was no opposition to Darden receiving the bonus.

13. It was further determined that the bonuses would be paid out through the payroll system for the casino. O'Neil Darden has been removed from the payroll system following his election. Anthony Patrone instructed Montie Spivey to put O'Neil Darden back into the payroll system for the sole purpose of paying him his prorated bonus. This was the only way to accomplish the payment without subverting IRS guidelines regarding payroll taxes.

14. As the CFO of the casino, Monty Spivey was responsible for overseeing the processing of the bonuses to the employees. O'Neil Darden's bonus was distributed via direct deposit on January 5, 2016.

15. Prior to the bonuses being distributed, Montie Spivey engaged in numerous verbal conversations and email exchanges regarding the approval of the bonuses. Spivey had specific communications with Patty Perry the chief financial officer for the Tribal Council regarding the addition of O'Neil Darden to the bonus list and the amount he

would receive. Not once did he receive any indication that a bonuses to Darden was improper.

16. Out of an abundance of caution O'Neil Darden decided that it was best not to receive the bonus given his newly elected position as chairman. On January 7, 2015 Darden contacted Montie Spivey and instructed him to take him off the bonus list and not to deposit the funds in his account. Spivey indicated that the funds had already been processed. There was no way to stop the deposit from going through. The only way to rectify the situation was for Darden to reissue a check back to the Casino. This is evidenced by an email exchange between Spivey and Darden

17. At some point between January 7, 2016 and January 22, 2016 a complaint was made to the tribal gaming commission of an alleged "misappropriation of bonus monies" that occurred and the Louisiana State Police was called to investigate. After investigating and interviewing several individuals, O'Neil Darden, Montie Spivey and Anthony Patrone were criminally charged for felony theft and unauthorized use of a moveable. Spivey and Patrone were physically arrested. As a result of the arrest, Montie Spivey's Key Liscense was suspended.

18. Subsequently, the alleged charges were presented to the U.S. Attorney for the Western District of Louisiana. After review of the matter the U.S. Attorney declined to prosecute and the matter was sent back to The Chitimacha Tribal Council. At that point the Council was vested with the decision to refer the matter to the local State District Attorney or "do whatever is best in the interest of justice". Despite having full knowledge of the circumstances surrounding the issuance of the bonus to O'Neil Darden, and ratifying the

decision to issue said bonus, the council decided to pursue the baseless charges with the District Attorney for the 16th JDC Parish of St. Mary.

19. Assistant District Attorney Robert Vines for the 16th JDC Parish of St. Mary agreed to prosecute the matter on behalf of the State of Louisiana. Ironically Mr. Vines has been the Tribal Prosecutor for The Chitimacha Tribe of Louisiana for years.

20. The prosecution of this matter would linger on for years. Ultimately, Montie Spivey finally received a letter on July 30, 2020 informing him that the 16th JDC for the Parish of St. Mary was not going to indict him and no further charges would be sought.

21. Montie Spivey had this matter looming over him for nearly 5 years fearing the day actual charges would be brought against him. Despite the fact that no charges were brought against him, Montie Spivey's key license remains suspended. He is unable to work in any casino as a result of this suspension.

22. Upon information and belief, the decision on part of the Chitimacha Tribal Council was nothing more than an attempt to oust O'Neil Darden as Chairman. Montie Spivey acting as CFO of the Cypress Bayou Casino was collateral damage in the Council's attempt to remove O'Neil Darden as Council Chairman.

23. Despite following orders from his superiors and supervisors, Montie Spivey was wrongfully terminated from his position as CFO of Cypress Bayou Casino as a result of the criminal charges that were brought against him.

24. The council members violated Montie Spivey's civil rights by mobilizing State Law Enforcement to pursue baseless criminal charges for its own personal gain and motivations.

25. Claimant reserves the right to assert additional acts of commission and/or omission as may emerge during discovery of this matter.

### III.   CAUSES OF ACTION

26. Plaintiff Montie Spivey alleges that the Tribal Council Members actions denied and violated his civil rights. Montie Spivey seeks damage for injuries set forth under 42 U.S.C§ 1893 and §1985 against the council members in their individual capacities for intentionally causing and/or negligently allowing frivolous criminal charges to be brought against Plaintiff.

27. The named Tribal Council members committed acts of maliciousness and utter disregard for the constitutional rights of Plaintiff, and are entitled to punitive damages and attorney's fees pursuant to 42 U.S.C. § 1988.

28. Supplemental Jurisdiction of this Court is hereby invoked pursuant to 23 U.S.C. §1367 and claimant asserts all state causes of action available to him including those available under Louisiana Civil Code Article 2315. Under Louisiana State Law, claims are brought against The Chitimacha Tribe of Louisiana and the Cypress Bayou Casino for the intentional and negligent actions of its tribal council members bringing a frivolous criminal complaint against its employees.

### IV.   DAMAGES

As a consequence of the actions of the defendants, claimant Montie Spivey asserts claims for damages including but not limited to:

  a) General Damages including emotional distress, mental anguish, public humiliation and embarrassment and loss of enjoyment of life.

  b) Loss of earnings due to his wrongful termination

  c) Punitive/exemplary damages for the actions of the Defendants

  d) All other damages which may be proven at the trial of this matter or discovered prior to trial.

## V. TRIAL BY JURY

29. Claimant makes a demand for a trial by jury

## VI. PRAYER

30. Wherefore, Claimant Montie Spivey prays for Judgment against defendants jointly, and in solido as follows

  1) In favor of Montie Spivey for such damages including punitive/exemplary damages as are reasonable.

  2) Legal interest on the amounts prayed for from date of judicial demand until paid and all cost of these proceedings

  3) For a Trial by jury; and

  4) For all general and equitable relief to which he may be entitled.

Respectfully submitted by:

/S/Joseph L. Waitz, Jr.
HUNT DOWNER, T.A. (La. Bar #05046)
JOSEPH L. WAITZ, JR. (La. Bar #17848)
MARY W. RIVIERE (La. Bar #19201)
JOSEPH L. WAITZ, III (La. Bar #36069)
WAITZ AND DOWNER
423 Goode Street
Houma, LA 70360
Telephone: 985-876-0870
Facsimile: 985-876-0213

Attorneys for Plaintiff